# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21289-Civ-WILLIAMS/TORRES

MAO-MSO RECOVERY II, LLC, a
Delaware entity; MSP RECOVERY
LLC, a Florida entity; MSPA
CLAIMS 1, LLC, a Florida entity,

        Plaintiffs,

v.

USAA CASUALTY INSURANCE
COMPANY, a Texas company,

        Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION CHALLENGING PLAINTIFFS' CONFIDENTIALITY DESIGNATIONS

This matter is before the Court on USAA Casualty Insurance Company's ("Defendant") motion challenging confidentiality designations made by MAO-MSO Recovery II, LLC, MSP Recovery LLC, and MSPA Claims 1, LLC (collectively, "Plaintiffs"). [D.E. 42]. Plaintiffs responded to Defendant's motion on October 20, 2017 [D.E. 43] to which Defendant replied on October 27, 2017. [D.E. 44]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

This is a putative class action in which Plaintiffs allege that Defendant failed to fulfill its statutorily-mandated duty to reimburse Medicare Advantage Organizations ("MAOs") for medical expenses related to automobile accidents involving Medicare enrollees. More specifically, Plaintiffs allege that (1) MAOs paid unspecified medical expenses related to treatment of Medicare enrollees arising out of unspecified automobile accidents, (2) Defendant was responsible for those expenses, and (3) Defendant failed to fulfill its duty to reimburse MAOs for medical expenses.[1] As such, this lawsuit seeks reimbursement for those medical expenses paid by the Plaintiff and the putative class members, including damages pursuant to the Medicare Secondary Payer private cause of action under 42 U.S.C. § 1395y(b)(3)(A).

## II. ANALYSIS

The gist of Defendant's motion is that Plaintiffs' confidentiality designations are improper and that Plaintiff should be required to produce an un-redacted complaint on the record for public access.[2] Defendant suggests that the identities of the MAOs that assigned their claims to Plaintiffs do not constitute business information or trade secrets and that the information should *not* be kept solely

---

[1] MAOs are private organizations that contract with the federal government to provide Medicare benefits to Medicare enrollees in exchange for a flat fee. The MAOs deliver the Medicare benefits and assume the risks associated with insuring the enrollees.

[2] Plaintiff's original complaint included redaction boxes over the Medicare beneficiaries.

between the parties. Defendant argues that Plaintiffs have failed to present any compelling basis to overrule the presumption of public access to court records – including the names of the MAOs whose recovery rights are at the heart of this action – and that Plaintiffs must be compelled to disclose this information in their pleadings.

More specifically, Defendant takes issue with the complaints filed in this case because they fail to identify a single MAO that assigned anything to Plaintiffs. On July 26, 2017, Plaintiffs filed their first amended complaint [D.E. 29] and – unlike the prior complaint – removed a redaction box and replaced it with the first and last initials of Medicare beneficiaries. Plaintiffs allegedly represented that they would continue to redact the names of MAO assignors until the execution of a qualified protective order that the Court approved on July 31, 2017. Once a protective order was agreed upon, Plaintiffs provided Defendant with an un-redacted copy of the first amended complaint, yet still designated the complaint as confidential and subject to the agreed upon protective order.[3]

On September 28, 2017, Defendant requested that Plaintiffs justify their reasons for the confidentiality designations in the complaints. Plaintiffs allegedly explained that the identity of the MAOs – who assigned their claims to Plaintiffs – constitutes confidential and proprietary business information. Defendant disputes

---

[3] The un-redacted copy of the first amended complaint includes the names of two MAOs and two individuals in connection with representative claims in this action.

3

Plaintiff's characterization and advances three arguments to require Plaintiffs to file an un-redacted complaint on the docket for public access.

First, Defendant argues that Plaintiffs must produce the requested information for public disclosure because Plaintiffs cannot meet their burden that the information requested outweighs the public interest. Defendant also contends that a list of MAO assignors is far removed from the types of material that courts have generally agreed should be treated as confidential and proprietary business information. *See, e.g., Pinnacle Towers LLC v. Airpowered, LLC*, 2015 WL 5897524, at *2 (M.D. Fla. Oct. 7, 2015) (protecting licensing agreements that included pricing terms); *Abdulla v. Chaudhary*, 2014 WL 12617454, at *2 (S.D. Ga. Oct. 15, 2014) (protecting documents that included "private financial information including income, assets, and liabilities"); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *2 (M.D. Fla. Oct. 28, 2010) (sealing documents where "the disclosure of financial information . . . could negatively impact [the party's] pricing with other customers" and holding that a party's "interest in maintaining the confidentiality of its financial information and the terms of its contractual relationship with its customer outweigh the public's interest in accessing the documents").

Second, Plaintiffs should allegedly comply with Defendant's request because Plaintiffs must eventually prove the validity of their assignments in order to demonstrate that Plaintiffs have standing to sue. Stated differently, Plaintiffs must purportedly present some form of assignment that vest recovery rights in order for

this action to advance. And third, Defendant suggests that it would be unreasonably confusing and burdensome if Plaintiffs continue to redact or seal documents for the sole purpose of protecting the names of their assignors. There is allegedly no justification for this layer of secrecy and therefore Plaintiffs' confidential designations must be overruled.

In response, Plaintiffs argue that, after the Court approved the stipulated protective order in this case, they provided Defendant with an un-redacted copy of the first amended complaint.[4] This disclosure occurred *after* the parties submitted their protective order because Plaintiffs view the identities of the MAOs that assigned their rights as a small subset of a larger customer list and therefore an economic harm may result if the information is available to the public. Plaintiffs

---

[4] Under the stipulated protective order, once a party challenges the confidentiality of a designated document, the party seeking continued protection must explain why that information warrants further protection:

> A Party that objects to the designation of any information as Confidential shall be required to begin the process by conferring directly with counsel for the Producing Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to justify the basis for the designation. The Producing Party must respond to a challenge within (5) business days of the conference If the Parties are unable to resolve the issue, then the challenging Party may move the Court for exception to this Stipulation and Agreed Protective Order as to each such document or any such testimony prior to the public use of such information. In such circumstances, the Producing Party has the burden of proof.

[D.E. 27].

5

also explain that if Defendant seeks the remainder of MAOs that assigned their rights to Plaintiffs, then Defendants need only request that information in discovery. As such, Plaintiffs do not oppose the production of the information sought; the only issue is whether the names of the MAOs that have assigned their rights should be disclosed to the public.

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia,* 435 U.S. 829, 839 (1978), and "[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). This right "includes the right to inspect and copy public records and documents." *Id.* (citation omitted). However, this right of access is not absolute because it ordinarily "does not apply to discovery and, where it does apply, may be overcome by a showing of good cause." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

A finding of good cause requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Chicago Tribune,* 263 F.3d at 1309. "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." *Id.* at 1315. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree

6

of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.

After full consideration of the arguments presented and the relevant authority, we agree with Plaintiffs that the public disclosure of the MAO assignors may result in unnecessary harm and prejudice to Plaintiffs' business. As Plaintiffs point out, these assignors are part of a larger customer list that has taken many years of hard work to assemble and Plaintiffs' clients are all competing MAOs. If the assignors became public, there is a possibility that it would impact Plaintiffs' relationship with each client and undermine Plaintiffs' efforts to develop new business relationships with other MAOs. This conclusion is reinforced even more so by the fact that Defendant already has access to an un-redacted version of the complaint and will have access to the complete customer list through the normal course of discovery.

As for Defendant's contention that customer lists are not ordinarily unprotected from public disclosure, we disagree. Under Florida law, for example, "customer lists constitute trade secrets where they are a product of great expense and effort, rather than a compilation of information available to the public." *Int'l Hair & Beauty Sys., LLC v. Simply Organic, Inc.*, 2011 WL 5359264, at *4 (M.D. Fla. Sept. 26, 2011), *Report and Recommendation adopted as modified*, 2011 WL

5360098 (M.D. Fla. Nov. 3, 2011) (quoting *MDT Personenel, LLC v. Camoco, LLC,* 2010 WL 5535066, at *3 (M.D. Fla. Dec. 8, 2010)).

Therefore, we see no reason why Plaintiffs should be forced to release the assignors of the MAOs to the public domain especially when the parties already agreed to a stipulated protective order whose purpose was to safeguard confidential information. And although we recognize that it is ultimately Plaintiffs' burden to demonstrate good cause for the confidentiality of MAO assignors, Defendant noticeably omits any litigation purpose for wanting the identities to be made public. Defendant merely argues that the public should have access to these items and that Defendant is entitled to know the scope of who assigned Plaintiffs certain rights. But, these arguments are unpersuasive because the information Defendant seeks is already available – by Plaintiffs' own admission – through several discovery devices pursuant to the stipulated protective order. And Defendant also has access to the un-redacted complaint and the assignors that Plaintiff omitted – meaning this dispute is trivial at best. To conclude, Plaintiffs have adequately demonstrated the potential harm to their privacy interests and business operations, and therefore Defendant's motion must be **DENIED**.[5]

---

[5] We add that the result may have been different if a party litigant was seeking to proceed anonymously. *See Doe v. Frank,* 951 F.2d 320, 322 (11th Cir. 1992) ("Generally, parties to a lawsuit must identify themselves in their respective pleadings.") (citing *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 712 (5th Cir. 1979)). The issue here is far different and implicates lesser public interest concerns.

### *III.* *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion is **DENIED**. [D.E. 42].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge