UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-21289-Civ-WILLIAMS/TORRES

MAO-MSO RECOVERY II, LLC, a Delaware
Entity; MSP RECOVERY, LLC, a Florida entity;
MSPA Claims 1, LLC, a Florida entity,

      Plaintiffs,

v.

USAA CASUALTY INSURANCE COMPANY
a Texas company,

      Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY

This matter is before the Court on USAA Casualty Insurance Company's ("Defendant") motion to stay discovery pending the disposition of Defendant's motion to dismiss against MAO-MSO Recovery II, LLC, MSP Recovery, LLC, and MSPA Claims 1 LLC ("Plaintiffs").[1] [D.E. 47]. Plaintiffs responded to Defendant's motion on November 27, 2017 [D.E. 51] to which Defendant replied on December 4, 2017. [D.E. 53]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion to stay discovery is **DENIED**.

---

[1] Alternatively, Defendant requests that discovery be phased to address standing issues, class issues, and issues on the merits.

1

## I.  BACKGROUND

This is a putative class action lawsuit in which Plaintiffs, on behalf of themselves and all others similarly situated, allege that Defendant failed to fulfill its statutorily-mandated duty to reimburse Medicare Advantage Organizations ("MAOs") for medical expenses related to automobile accidents involving the MAOs' enrollees where the Defendant settled the enrollee's claim. MAOs are private organizations that contract with the federal government to provide Medicare benefits to Medicare enrollees in exchange for a flat fee per enrollee. The MAOs, either themselves or through Maintenance Service Organizations ("MSOs"), deliver the Medicare benefits and assume the risks related to insuring the enrollees. Plaintiffs allege that they are three collection agencies and that MAOs have assigned their recovery rights to assert various causes of action. Defendant is an insurance company that allegedly entered into settlement agreements with Medicare beneficiaries.

On April 5, 2017, Plaintiffs filed their original class action complaint [D.E. 1] alleging, on behalf of themselves and all others similarly situated, that: (1) unidentified MAOs paid unspecified medical expenses related to treatment of unnamed Medicare enrollees arising out of unspecified automobile accidents, (2) "Defendant was responsible for paying those expenses in accordance with MSP Law," (3) Defendant "failed to make required payments under the MSP provisions and failed to reimburse" MAOs for such medical expenses, and (4) "[n]umerous MAOs have assigned their recovery rights to assert causes of action" to Plaintiffs.

[D.E. 29] at ¶¶ 1, 3, 39-41, 74. In the original complaint, Plaintiffs redacted the names of the "representative MAOs" and the "representative Medicare Beneficiaries." *Id*. at ¶¶ 48-49. Thereafter, on July 26, 2017, Plaintiffs filed their first amended complaint [D.E. 29] alleging similar causes of action as alleged in the original complaint. The first amended complaint removed the redaction box of two purported "representative" Medicare beneficiaries and replaced it with the alleged beneficiaries' first and last initials but redacted the identities of the "representative" MAOs who allegedly paid medical expenses on their behalf. *Id*. at ¶ 50.

On August 8, 2017, Defendant filed its motion to dismiss because Plaintiffs' first amended complaint allegedly failed to (1) identify a single bill paid by any MAO for medical treatment of any of enrollee which should allegedly be reimbursed by Defendant, or (2) allege that any specific MAOs assigned their claims to Plaintiffs. Defendant claims that these errors deprive the Court of subject matter jurisdiction and that the first amended complaint fails to state a viable claim. Defendant further believe that the allegations are facially inadequate to establish even the minimum pleading requirements for standing in this action or that Plaintiffs have suffered an injury in fact vis-à- vis this Defendant.

On October 12, 2017, Plaintiffs served Defendant with Plaintiffs' first set of interrogatories and Plaintiffs' first set of requests for production (the "Discovery Requests"). Defendant responded with written objections and suggested that the requests were overly-broad and unduly burdensome in both time frame and subject

matter. Plaintiffs allegedly seek more than six years of information and documents, from April 6, 2011 through the present. Yet, Defendant objected because Plaintiffs are purportedly not entitled to discovery dating back six years considering the three-year statute of limitations on claims for reimbursement of conditional payments under Medicare regulations. *See* 42 U.S.C. 1395y(b)(2)(B)(iii) and (iv); *Collins v. Wellcare Health Plans, Inc.*, 2014 WL 7239426, at *1 (E.D. La. 2014). Because Plaintiffs' discovery requests are burdensome and this case may soon be resolved in Defendant's favor, Defendant filed its motion to stay this action pending the disposition of its motion to dismiss.

## II. APPLICABLE PRINCIPLES AND LAW

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling."). Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendant must demonstrate reasonableness and good cause. "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'" *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Gibbons v. Nationstar Mortg. LLC*, 2015 WL 12840959, at *1 (M.D. Fla. May 18, 2015) ("Overall, stays of discovery are seldom granted, but courts have held that good cause to stay discovery exists when resolution of a dispositive motion may dispose of the entire action."); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

In the absence of a dispositive motion, courts have also granted motions to stay in consideration of the following factors: "(1) whether the litigation is at an

early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Tap Pharmaceautical Products, Inc. v. Atrix Laboratories, Inc.,* 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004); *Baxter International, Inc. v. Fresenius Medical Care Holdings, Inc.,* 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)). For instance, one of the circumstances that have sometimes satisfied the aforementioned factors is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that might conserve the parties' resources and promote judicial economy. *See, e.g., ArrivalStar, S.A. v. Blue Sky Network, LLC*, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) ("The Court concludes that Blue Sky has shown good cause to justify a stay of discovery pending mediation. The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.").

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such

6

discovery.'" *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)). This means that courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53.

Furthermore, it is well settled that "[t]he litigant seeking the protective order must articulate the injury with specificity." *United States v. Dentsply Int'l, Inc.*, 187 F.R.D. 152, 158 (D. Del. 1999) (citations omitted*); see also United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (finding that a party seeking a protective order must show not just speculative harm but must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements") (citations omitted); *see also Dentsply Int'l, Inc.,* 187 F.R.D. at 158 ("'Broad allegations of harm, unsubstantiated by specific examples,' do not support a showing for good cause.") (quoting *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)). "In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection" because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also Gen. Dynamics Corp. v. Selb Mfg. Corp.,* 481 F.2d 1204, 1212 (8th Cir. 1973).

7

### III. ANALYSIS

Defendant's motion seeks a protective order to temporarily stay all discovery in this case pending a resolution of its motion to dismiss Plaintiffs' first amended complaint. [D.E. 31]. Defendant argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims because Plaintiffs cannot establish Article III standing with any valid assignments of rights or an injury in fact. Because these issues are case-dipositive, Defendant contends that its motion to dismiss should be resolved prior to either party engaging in discovery.

Defendant argues that a stay of discovery is appropriate because the standing issues that Defendant raises in its motion to dismiss will likely moot the need for the parties to proceed with any discovery. *See, e.g., Varga v. Palm Beach Capital Management, LLC*, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010) (temporarily staying discovery and finding good cause "[d]ue to the nature of the motions to dismiss" which raised threshold and dispositive issues of standing and improper forum); *see also Dayem v. Chavez*, 2014 WL 12588513, at *1 (S.D. Fla. Mar. 11, 2014) (finding a "stay of discovery . . . warranted" after having "peeked at the several motions to dismiss" which raised, inter alia, "lack of subject matter jurisdiction, lack of standing, failure to state a claim upon which relief can be granted, [and] improper venue"). For example, Defendant suggests that the first amended complaint fails to identify a single bill paid by any MAO for medical treatment for any of the enrollees for which Plaintiffs seek reimbursement. The complaint also allegedly fails to present sufficient facts about any settlement

agreements between Defendant and Medicare beneficiaries or any supporting allegations underlying an assignment of rights. As such, Defendant believes that Plaintiffs have not demonstrated an injury in fact and that Defendant should not be required to expend resources to address Plaintiffs' discovery requests when there is a strong likelihood that this case may soon be dismissed.[2]

In response, Plaintiffs suggest that Defendant's motion lacks merit because the issues presented are not case dispositive primarily because Defendant merely alleges pleading deficiencies under the guise of standing arguments. Plaintiffs contend that Defendant is misguided that the complaint fails to reference specific medical bills or provide details regarding each particular car accident. Plaintiffs explain that this type of granular information is not required to properly state a claim because it would result in a complaint that would be hundreds of pages long. Defendant has also allegedly failed to cite any authority that requires Plaintiffs to provide a specific number of representative claims to survive a motion to dismiss. And even if Defendant's arguments had any merit, Plaintiffs believe that their claims would be dismissed with leave to amend and that discovery would be inevitable as soon as Plaintiffs corrected the identified errors.

Plaintiffs also contend that a stay of discovery would be prejudicial to their case because it would jeopardize their ability to obtain vital information while at the same time increase the likelihood that evidence may be destroyed or misplaced.

---

[2] If Plaintiffs are permitted to pursue discovery and the motion to dismiss is ultimately granted, Defendant concludes that the parties and the Court will have wasted a significant amount of time and resources.

Plaintiffs suggest that each day that this case is delayed, the likelihood increases that Defendant will discard or misplace specific files. And Plaintiffs also believe that, as a consequence of a discovery stay, Defendant's corporate representatives may be unable to recall details relevant to the specific issues in this case. As such, Plaintiffs conclude that the possible destruction of evidence easily overcomes Defendant's burden of responding to discovery.[3]

The Constitution limits the jurisdiction of federal courts to "cases" and "controversies". U.S. Const. Art. III, § 2. "Indeed, courts 'have an independent obligation to determine whether subject-matter jurisdiction exists,' even if no party raises the issue, and if the court determines that subject matter jurisdiction is lacking, it must dismiss the entire case." *In re Trusted Net Media*, 550 F.3d 1035, 1042 (11th Cir. 2008) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 503 (2006)). Standing requires "(1) that the plaintiff have suffered an "injury in fact"—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that there be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and (3) that it be likely, as opposed to merely speculative, that the injury will be redressed by a

---

[3] Plaintiffs take issue with Defendant's proposed plan to phase discovery because it would allegedly fail to promote judicial efficiency or conserve the parties' resources. Plaintiffs believe that phasing discovery would only result in more motion practice because ongoing disputes would arise on whether certain discovery items fall into one category or another.

10

favorable decision." *Bennet v. Spear*, 520 U.S. 154, 167 (1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

To establish an injury in fact, Plaintiffs must establish that Defendant violated a legally protected interest. *See American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1068 n.16 (11th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 540 U.S. 555, 560 (1992)). The injury cannot be conjectural or hypothetical, but must be concrete and actual. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1003 (11th Cir. 2004)). The protected interest in this case is the right to be reimbursed for payments made by MAOs. This means that Plaintiffs must show that (1) the MAOs suffered an injury (i.e. a lack of reimbursement), and (2) that the MAOs assigned their reimbursement rights to Plaintiffs.

After taking a preliminary peek at Plaintiffs' complaint, it appears that Plaintiffs may have failed to establish sufficient factual support that the MAOs assigned their rights to recover costs to Plaintiffs. While the Court accepts as true the factual allegations of a complaint when considering a facial challenge to standing – *Florida Pub. Interest Research Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070, 1083 (11th Cir. 2004) (citing *Lujan*, 504 U.S. at 561) – the Court does not accept legal conclusions. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("[S]tanding cannot be inferred argumentatively from averments in the pleadings" but rather it is the plaintiff's burden "clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the

dispute.") (internal quotations and citations omitted); *see also Young Apartments v. Town of Jupiter*, 529 F.3d 1027, 1038 (11th Cir. 2008) (standing is established with "general factual allegations of injury."); *Alcocer v. Bulloch Cty. Sheriff's Office*, 2017 WL 227793, at *3 (S.D. Ga. Jan. 18, 2017) (Allegations supporting standing "must be specific factual allegations and not merely conclusory statements."). And the validity of a contract and its existence are legal conclusions – not facts. *See Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017) ("[S]ince Defendants do not allege facts showing that this alleged agreement actually exists, their allegations simply recite a legal conclusion—the existence of an agreement. So they are inadequate for pleading purposes."); *In re Summit United Serv.*, LLC, 2005 WL 6488106, at *4 (Bankr. N.D. Ga. Sept. 19, 2005) ("[T]he validity of a contract is not a fact, but rather, a legal conclusion").

We therefore agree, in part, that Plaintiffs' complaint may not contain enough facts supporting an assignment of rights. For example, "Plaintiffs fail to allege the identity of the MAOs whose reimbursement rights they claim to own, the dates of the assignments, or the essential terms." *MAO-MSO Recovery II, LLC v. Boehringer Ingelheim Pharm., Inc.*, 2017 WL 4682335, at *5 (S.D. Fla. Oct. 10, 2017) (citing *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (holding that to prove the existence of a contract, a plaintiff must plead, among other things, "sufficient specification of the essential terms."); *PNCEF, LLC v. Highlander Enterprises, LLC*, 2010 WL 11504754, at *3 (S.D. Fla. Mar. 2, 2010) (ruling that allegations that a valid contract existed were insufficient where

defendant failed to plead facts showing mutual asset, the parties to the agreement, or the date it was entered into)). Without any additional facts, there is a possibility that "Plaintiffs have failed to show that they have suffered an injury in fact, and therefore they lack standing." *MAO-MSO Recovery II, LLC*, 2017 WL 4682335, at *5.[4]

However, we are not persuaded that Plaintiffs' complaint is so deficient that leave to amend could not remedy a lack of factual allegations. Indeed, in cases where Plaintiffs have failed to include any supporting facts of a valid assignment of rights, courts have often granted a defendant's motion to dismiss without prejudice. *See, e.g*, *MAO-MSO Recovery II, LLC*, 2017 WL 4682335, at *5 ("Plaintiffs [shall] file their Second Amended Complaint, if they wish, to correct the deficiencies addressed in this Order"). Moreover, the Federal Rules of Civil Procedure allow for pleadings to be amended "when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The Eleventh Circuit has "held that district courts should generally grant an opportunity to amend the initial complaint, even if the plaintiff does not request to do so, where it appears a more carefully drafted complaint might state a claim upon which relief can be granted." *Bell v. J.B. Hunt Transp., Inc.*, 427 F. App'x 705, 707

---

[4] We emphasize that in examining Plaintiffs' complaint, we are not offering any substantive opinion on the ultimate outcome of Defendant's motion. Instead, our conclusion is solely based on a "preliminary peek" to see if Defendant's motion is meritorious and truly case dispositive. *See Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("[I]t may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted").

(11th Cir. 2011) (citation omitted). Relying on these principles, we cannot conclude that Defendant's motion is truly case dispositive.

Viewing the complaint's allegations in the light most favorable to Plaintiff and accepting the facts as true, the Court finds Defendant's arguments unconvincing to warrant a wholesale stay of discovery. *See Jackson v. Okaloosa Cnty. Fla.*, 21 F.3d 1531, 1544 (11th Cir. 1994); *see also Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Accordingly, Defendant's motion to stay discovery is **DENIED** pending the disposition of Defendant's motion to dismiss. [D.E. 31].

The final issue presented is Defendant's request to phase discovery into three parts. First, Defendant asks that discovery be limited to whether Plaintiffs have standing. If Plaintiffs overcome that hurdle, Defendant requests that discovery proceed to class wide issues. And finally, Defendant suggests that the case should proceed with discovery on the merits. Defendant is certainly correct that courts have the discretion to phase discovery as an inherent power to control their dockets yet "courts may also decline to exercise that discretion." *Cabrera v. Gov't Employees Ins. Co.*, 2014 WL 2999206, at *8 (S.D. Fla. July 3, 2014) (citing *Lakeland Reg'l Med. Ctr. v. Astellas US, LLC,* 2011 WL 486123, at *2 (M.D. Fla. 2011) ("The Court is not persuaded that phased discovery will conserve the resources of the parties or the Court. This is because the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine."); *Hines v. Overstock, Com, Inc.,* 2010 WL 2775921, at *1 (E.D.N.Y.2010) ( "[C]ourts in this and other circuits

have recognized that where discovery relating to class issues overlaps substantially merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.")).

Here, we decline to exercise our discretion to phase discovery because the issues surrounding standing, merits, and class certification may be inextricably tied together, and may therefore require more – not less – judicial intervention to resolve the parties' disagreements. As such, Defendant's motion to phase discovery is **DENIED** and any discovery disputes that do arise can be adequately resolved on the Court's discovery calendar on a case by case basis.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to stay discovery pending the disposition of its motion to dismiss – as well as its request to phase discovery – is **DENIED**. [D.E. 47].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of December, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge